UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KIAUNDRAY ROGERS, )<br>)<br>        Petitioner   )<br>)<br>v.                        )<br>)<br>SUPERINTENDENT,   )<br>Indiana State Prison,   )<br>)<br>        Respondent  )  | CAUSE NO. 3:10-CV-367 RM |

OPINION AND ORDER

Kiaundray Rogers, a prisoner confined at the Indiana State Prison, submitted a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 dealing with loss of earned credit time in a disciplinary hearing. On April 20, 2010, Correctional Officer Clouse observed Mr. Rogers in possession of a cell phone, and wrote a conduct report charging him with possession of an electronic device. The next day, a disciplinary hearing officer found Mr. Rogers guilty of the charge against him and imposed a loss of fifteen days of earned credit time. Mr. Rogers appealed unsuccessfully to the Superintendent and the final reviewing authority. The respondent has filed a response to the order to show cause and the administrative record, and Mr. Rogers has filed a traverse.

When prisoners lose good time credits at prison disciplinary hearings, the Fourteenth Amendment's Due Process Clause guarantees them certain procedural protections, including (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) opportunity to call witnesses and present documentary evidence in defense when consistent with institutional safety and correctional

goals; and (4) a written statement by the fact finder of evidence relied on and the reasons for the disciplinary action, Wolff v. McDonnell, 418 U.S. 539 (1974), and "some evidence" to support the decision of the prison disciplinary board." Superintendent, Mass. Correctional Institution v. Hill, 472 U.S. 445, 455 (1985).

Mr. Rogers's first claim is that he was denied the right to an impartial decision maker because the hearing officer's "actions were calculated to deny Mr. Rogers any fair opportunity at a[n] impartial and fair hearing process". Adjudicators in the prison disciplinary setting are entitled to a "presumption of honesty and integrity," and the constitutional standard for impermissible bias is high. Piggie v. Cotton, 342 F.3d 660, 666 (7th Cir.2003). Due process is violated when officials who are directly or substantially involved in the factual events underlying the disciplinary charges also serve on the disciplinary board. *Id.* at 767; Whitford v. Boglino, 63 F.3d 527, 534 (7th Cir.1995). Mr. Rogers doesn't assert that the hearing officer was involved in the underlying charge. Instead, he claims that the hearing officer didn't provide him "a fair hearing protecting all *procedural due process right(s) . . .*" (DE 11-1 at 1) (emphasis in original), thereby denying him a fair hearing. Mr. Rogers's's allegations don't amount to the type of bias that would violate the Due Process Clause. See Whitford, 63 F.3d at 534.

In his second ground, Mr. Rogers says he asked that several pieces of exculpatory evidence be supplied to him, though he doesn't say what this evidence consisted of. In his traverse, Mr. Rogers identifies the evidence as the phone and any pictures taken of the incident. According to the conduct report, when Officer Clouse saw Mr. Rogers with a cell phone, Mr. Rogers flushed the cell phone down the commode in his cell. The cell phone

wouldn't be exculpatory evidence and, in any event, a habeas petitioner can't destroy evidence and then complain that the evidence wasn't available at the hearing. There is also no suggestion from the record that Officer Clouse or any other staff member took any photographs during this incident.

In ground three, Mr. Rogers asserts that the hearing officer denied him a "written copy of fact(s) found". To comply with due process, "there must be a 'written statement by the factfinders as to the evidence relied on and the reasons" for the disciplinary action. Wolff v. McDonnell, 418 U.S. at 564, quoting Morrissey v. Brewer, 408 U.S. 471, 489 (1972). The amount of evidence needed to support a finding of guilt in prison disciplinary hearings is very modest; there need only be "some evidence" to support the decision of the prison disciplinary board." Superintendent, Mass. Correctional Institution v. Hill, 472 U.S. at 455. A reviewing court must uphold a finding of guilt if "there is any evidence in the record that could support the conclusion reached" by the board. *Id.* at 455-456. In appropriate circumstances, the conduct report alone may be sufficient evidence to support a finding of guilt. See McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999).

The administrative record submitted by the Respondent establishes that the conduct report states that the reporting officer observed Mr. Rogers in possession of a cell phone, which Mr. Rogers flushed down his commode. Another correctional officer submitted a written statement that he saw Mr. Rogers in possession of a phone that he flushed down the toilet. In the disciplinary hearing report, the hearing officer stated as his reason for his decision that "both staff members said the offender had a cell phone. Therefore I find him guilty." The hearing officer's written statement of facts relied on establishes the evidence

3

that underlay his decision. Moreover, the evidence relied on is direct evidence of guilt and is sufficient to support a finding that Mr. Rogers was in possession of a cell phone.

For the foregoing reasons, the court the court DENIES this petition for writ of habeas corpus.

SO ORDERED.

DATED: January  17 , 2011

                                             /s/ Robert L. Miller, Jr.
                                            Judge
                                            United States District Court

cc: K. Rogers
    S. Rothenberg-DAG